# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN S. WELLS | CIVIL ACTION |
| versus | NO. 12-1440 |
| WARDEN LANCE MOORE | SECTION: "A" (1) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, John S. Wells, is a state prisoner incarcerated at the Concordia Parish Correctional Facility, Ferriday, Louisiana. On August 1, 2007, he was convicted of distribution of cocaine under Louisiana law.[1] On January 15, 2008, he was adjudicated a second offender and was sentenced as such to a term of fifteen years imprisonment with the first two years of that sentence to be served without benefit of probation, parole, or suspension of sentence. He was additionally

---

[1] State Rec., Vol. II of IV, transcript of August 1, 2007, p. 210; State Rec., Vol. I of IV, minute entry dated August 1, 2007; State Rec., Vol. I of IV, jury verdict form.

ordered to pay a fine of $1,000.² On December 23, 2008, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.³ He did not seek review of that judgment by the Louisiana Supreme Court.

On June 21, 2010, petitioner filed an application for post-conviction relief with the state district court.⁴ That application was denied on October 29, 2010.⁵ Petitioner's related writ

---

² State Rec., Vol. II of IV, transcript of January 15, 2008; State Rec., Vol. I of IV, minute entry dated January 15, 2008; State Rec., Vol. I of IV, Written Reasons for Judgment.

³ State v. Wells, No. 2008 KA 0845, 2008 WL 6809590 (La. App. 1st Cir. Dec. 23, 2008); State Rec., Vol. III of IV.

⁴ State Rec., Vol. III of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a *pro se* state court application filed by mail from prison, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). However, that rule does not apply in this case. Although he proceeded *pro se*, petitioner's post-conviction application was forwarded to the state district court by a private law office and received for filing on June 21, 2010. State Rec., Vol. III of IV, letter to the St. Tammany Parish Clerk of Court from Eric Lee dated June 18, 2010. As numerous courts have noted, prison "mailbox rules" are inapplicable where, as here, the prisoner did not use the prison mail system to file the document by mail. See, e.g., Knickerbocker v. Artuz, 271 F.3d 35, 37 (2nd Cir. 2001) ("We join the other circuits that have addressed this issue by holding that the prison mailbox rule established in Houston does not apply where a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court clerk."); Dison v. Whitley, 20 F.3d 185, 187 (5th Cir. 1994) (holding that a prisoner's "use of an unknown agent does not trigger the Houston exception that is limited to filings with prison officials, over whom a prisoner has no control"); Silva v. King County, No. C08-1447, 2008 WL 4534362, at *1 (W.D. Wash. Oct. 7, 2008) ("Ordinarily, when a prisoner submits a pleading, the pleading is deemed filed on the day that it is given to prison officials for delivery to the Court, under the so-called 'prison mailbox rule.' Here, however, the rule is inapplicable because the complaint and filing fee were hand-delivered to the Court by someone on plaintiff's behalf." (citation omitted)); Pearson v. Vaugh, 984 F. Supp. 315, 317 (E.D. Pa. 1997) (holding that "mailbox rule" is inapplicable when a prisoner decides to send his complaint to a third party for filing, because the prison is no longer responsible for any delays in filing). Nevertheless, even if petitioner's application were considered filed as of the date it was signed, June 9, 2010, his federal application would still be untimely.

⁵ State Rec., Vol. III of IV, Order and Reasons dated October 29, 2010.

applications were then likewise denied by the Louisiana First Circuit Court of Appeal on March 14, 2011,[6] and August 1, 2011,[7] and by the Louisiana Supreme Court on April 27, 2012.[8]

In the interim, petitioner returned to the state district court to seek relief. On or about February 6, 2012, he wrote a letter to the trial judge requesting leniency, and that request was denied on February 10, 2012.[9] Also, on April 26, 2012, he filed a motion for a new trial,[10] and that motion was denied on May 14, 2012.[11]

Thereafter, on May 31, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[12] The state filed a response arguing that the federal application was untimely.[13] The state is correct.[14]

---

[6] State v. Wells, No. 2010 KW 2266 (La. App. 1st Cir. Mar. 14, 2011); State Rec., Vol. III of IV.

[7] State v. Wells, No. 2011 KW 0651 (La. App. 1st Cir. Aug. 1, 2011); State Rec., Vol. III of IV.

[8] State *ex rel.* Wells v. State, 86 So.3d 623 (La. 2012) (No. 2011-KH-1917); State Rec., Vol. III of IV.

[9] State Rec., Vol. III of IV.

[10] State Rec., Vol. III of IV.

[11] State Rec., Vol. III of IV, Order dated May 14, 2012.

[12] Rec. Doc. 1.

[13] Rec. Docs. 7 and 8.

[14] Because the application is indeed untimely, the Court need not address the state's alternative argument that petitioner has failed to exhaust his state court remedies. "When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007) (citations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[15] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana First Court of Appeal affirmed petitioner's conviction and sentence on December 23, 2008.[16] Under Louisiana law, he then had thirty days to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such application, his state criminal judgment

---

[15] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[16] State v. Wells, No. 2008 KA 0845, 2008 WL 6809590 (La. App. 1st Cir. Dec. 23, 2008); State Rec., Vol. III of IV.

became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on January 22, 2009. See id. at 317-18. The federal limitations period then expired one year later on January 22, 2010, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period. Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[17]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294

---

[17] The Court notes that petitioner subsequently sought state post-conviction relief beginning in June of 2010. However, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.[18]

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before January 22, 2010. Because his federal application was not filed until May 31, 2012,[19] it is untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John S. Wells be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[18] Out of an abundance of caution, the Court notes that petitioner contends that he is actually innocent of the crime of which he stands convicted. Rec. Doc. 1, p. 15. However, the United States Fifth Circuit Court of Appeals has held: "[A] petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). It is therefore clear that a claim of actual innocence is insufficient to warrant equitable tolling. Tate v. Parker, 439 Fed. App'x 375, 376 n.1 (5th Cir. 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937285, at *4 (E.D. La. July 19, 2011); Mattox v. Cain, Civ. Action No. 08-4295, 2011 WL 291283 (E.D. La. Jan. 25, 2011).

[19] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on May 31, 2012. Rec. Doc. 1, p. 15.

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

      New Orleans, Louisiana, this sixteenth day of July, 2012.

                               **SALLY SHUSHAN**
                               **UNITED STATES MAGISTRATE JUDGE**

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.