UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN S. WELLS                                                           CIVIL ACTION

VERSUS                                                                  NO. 12-1440

WARDEN LANCE MOORE                                                      SECTION: "A" (1)

# O R D E R

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Wells' objection is grounded on the assertion that he should receive equitable tolling because his appellate attorney stated in a letter to him that no writ application would be filed with the Louisiana Supreme Court because it would likely not be granted. (Rec. Doc. 10, Exh. 1). Wells suggests that this was erroneous advice and that it deterred him in his efforts to challenge his conviction. Wells contends that the advice was particularly prejudicial because federal law requires exhaustion of claims through the state's highest court.

Wells' argument misses the mark. The State does contend that Wells failed to exhaust his claims but the State also raised the timeliness issue, and it was upon this basis that the magistrate judge recommended dismissal. Wells' federal habeas petition was filed more than three years after his conviction became final which made it over two years late for purposes of

the AEDPA filing deadline. Appellate counsel's lack of optimism regarding the potential success of a writ application to the Louisiana Supreme Court might be relevant to the exhaustion requirement but it is not pertinent to the timeliness issue, at least under these facts.

Moreover, the Court has reviewed the letter from Wells' appellate counsel and it is accurate as to the law and correctly advises him as to the one year deadline for filing a federal habeas petition. This case simply does not present the kind of "rare and exceptional circumstances" that must be present before a district court can even consider the doctrine of equitable tolling. See United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).

Accordingly;

**IT IS ORDERED** that the **Objection (Rec. Doc. 10)** is **DENIED** and the federal petition of **John S. Wells** for *habeas corpus* relief is **DISMISSED WITH PREJUDICE**.

August 9, 2012

_____
UNITED STATES DISTRICT JUDGE